IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ZACARIAS MOUSSAOUI, | ) | 1:01-cr-455 (LMB) |
| | ) | |
| Defendant. | ) | |

ORDER

Acting pro se, defendant Zacarias Moussaoui has filed two letters in which he seeks the appointment of counsel to assist him in obtaining an international prisoner transfer from the United States to France, his country of birth.[1] See [Dkt. Nos. 1986 & 1987]. Moussaoui also appears to be under the impression that the Court has the authority to order such a transfer. He is mistaken. As explained below, the authority to order an international prisoner transfer lies with the Executive Branch, specifically the United States Department of Justice. For that reason, Moussaoui's requests will be denied.

In 1976, after Congress passed enabling legislation, the Department of Justice's International Prisoner Transfer Program began when the federal government negotiated the first in a series of treaties permitting the transfer of prisoners from the countries in which they had been convicted to their home countries. See 18 U.S.C. §§ 4100-4115. At present, the United States is a party to 12 bilateral transfer treaties and two multilateral transfer conventions, giving it transfer treaty relationships with 83 countries and territories, including France. See https://www.justice.gov/criminal-oia/list-participating-countries (referencing the Council of Europe Convention on the Transfer of Sentenced Persons).

[1] Zacarias Moussaoui was born in Saint-Jean-de-Luz, France in 1968. See [Dkt. No. 1941] at 3.

"These agreements allow the United States: (1) to transfer convicted foreign nationals in state or federal custody back to their home country, where the receiving country assumes responsibility for enforcing the sentence; and (2) to receive the transfer of Americans convicted abroad and to assume responsibility for enforcing the foreign sentence. Transfer can only occur if the pertinent statutory and treaty requirements are satisfied, including receiving the consent of the sentencing country, the receiving country[,] and the prisoner." See U.S. Dep't of Just. Manual, Crim. 9-35.000 International Prisoner Transfers, https://www.justice.gov/jm/jm-9-35000-international-prisoner-transfers#9-35.010 (last accessed on Aug. 6, 2024).

The international prisoner transfer determination is a discretionary judgment made by the countries involved. A prisoner does not have a "right" to transfer, nor can the sentencing or receiving country force the prisoner to transfer. Congress has conferred the authority to administer the International Prisoner Transfer Program on the Attorney General of the United States. See 18 U.S.C. § 4102(3) ("The Attorney General is authorized— . . . to transfer offenders under a sentence of imprisonment, on parole, or on probation to the foreign countries of which they are citizens or nationals."). The Attorney General has delegated this authority to the Assistant Attorney General of the Criminal Division, who has delegated the authority to the Office of International Affairs ("OIA"). See 28 C.F.R. § 0.64-2. Within OIA, the leadership of the International Prisoner Transfer Unit evaluates applications for transfer.

Either the prisoner or the prisoner's home country can initiate the transfer process; however, "most applications begin with the prisoner." See International Prisoner Transfer Program, How the Program Works, U.S. Dep't of Just., https://www.justice.gov/criminal/criminal-oia/how-program-works. "A federal prisoner who wishes to apply for transfer to a prison in his home country should contact his case manager at the Federal Bureau of Prisons

facility where he has been designated to serve his sentence and request to execute a BOP Form 297." Id. The case manager will then prepare a transfer application package. Thereafter, BOP will review the package for completeness and send it to the International Prisoner Transfer Unit, where an analyst will research the case and prepare a recommendation memorandum. The leadership team of the International Prisoner Transfer Unit will review the case and make the final transfer decision. Id. Thereafter, the Department of Justice will notify the prisoner and the prisoner's home country of its transfer decision. The prisoner's home country may decline to accept the prisoner, in which case no transfer will occur. "If the transfer is denied, the prisoner may reapply in two years from the date of denial or seek reconsideration in the interim if significant evidence is provided demonstrating that the identified impediment to transfer has been removed." Id.

Each transfer application submitted to the Department of Justice is evaluated based on the unique circumstances present in the prisoner's case. See https://www.justice.gov/criminal-oia/guidelines-evaluation-transfer-requests-submitted-foreign-nationals. The requirements and procedures for transfer are set forth in both the applicable international agreement and in the enabling statute. The basic eligibility requirements for transfer are:

1. the prisoner must be a national or citizen of the country to which he/she wishes to transfer;
2. a transfer treaty relationship must exist between the United States and the prisoner's country;
3. the prisoner must be convicted and sentenced;
4. the judgment and sentence must be final, in that there are no pending appeals or other collateral attacks against the conviction or sentence;
5. dual criminality must exist—the offense for which the prisoner is incarcerated must be a crime under the laws of the receiving country;
6. in the absence of exceptional circumstances, a minimum period of time (typically 6 months) must be left to serve on the sentence at the time of application; and
7. the prisoner, the sentencing country and the receiving country must all consent to the transfer.

See U.S. Dep't of Just. Manual, Crim. 9-35.000 International Prisoner Transfer, https://www.justice.gov/jm/jm-9-35000-international-prisoner-transfers#9-35.013 (last accessed on Aug. 6, 2024).

Although the case law is sparse on this subject, federal courts have held that because Congress has given the Attorney General unfettered discretion with respect to transfer decisions, such decisions constitute agency action committed to agency discretion by law. Such decisions are, therefore, not subject to judicial review under 5 U.S.C. § 701(a)(2) (the "Administrative Procedure Act"), which provides that judicial review is not available when the "agency action is committed to agency discretion by law." See, e.g., Bagguley v. Bush, 953 F.2d 660, 662 (D.C. Cir. 1991) (rejecting a defendant's due process challenge to a refusal to transfer him from the United States to the United Kingdom under the Transfer of Offenders to and from Foreign Countries Act, 18 U.S.C. § 4100 et seq. (1998) and the Convention on the Transfer of Sentenced Persons, T.I.A.S. No. 10824, 22 I.L.M. 530 (1983)); Scalise v. Thornburgh, 891 F.2d 640 (7th Cir. 1989), cert denied, 494 U.S. 1083 (1990) (similar).

Accordingly, if Moussaoui wishes to be considered for an international prisoner transfer, he must execute BOP Form 297 and provide it to his case manager at USP Florence ADMAX. He does not need the assistance of counsel to initiate this process, and there is no role for the Court. For these reasons, it is hereby

ORDERED that Moussaoui's two letters, which the Court construes as motions for appointment of counsel and for an international prisoner transfer, [Dkt. Nos. 1986 & 1987], be and are DENIED.

To appeal this decision, defendant must file a written notice of appeal with the Clerk of the Court within fourteen (14) days of the date of entry of this Order. A notice of appeal is a

Case 1:01-cr-00455-LMB Document 1988 Filed 08/06/24 Page 5 of 5 PageID# 514

short statement indicating a desire to appeal, including the date of the order defendant wants to appeal. Defendant need not explain the grounds for appeal until so directed by the United States Court of Appeals for the Fourth Circuit. Failure to file a timely notice of appeal waives defendant's right to appeal this decision.

The Clerk is directed to forward copies of this Order to counsel of record and defendant Zacarias Moussaoui, pro se.

Entered this 6th day of August, 2024.

Alexandria, Virginia

/s/ LMB
Leonie M. Brinkema
United States District Judge